J-S83026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
EDMUND ARTHUR GRENIER JR. :
:
Appellant : No. 744 WDA 2018

Appeal from the PCRA Order April 6, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000045-2014,
CP-33-CR-0000171-2015

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED MARCH 27, 2019

Appellant, Edmund Arthur Grenier, Jr., appeals pro se from the April 6, 2018 order that denied his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In disposing of Appellant's appeal from the denial of his first PCRA petition, a prior panel of this Court provided relevant background in this matter as follows:

> On March 5, 2014, the Commonwealth filed an Information at lower court docket number CP-33-CR-0000045-2014, charging Appellant with various crimes in connection with his failure to order, deliver, or install various grave site markers, which had been paid in full by the victims. On July 2, 2014, Appellant, who was represented by counsel, proceeded to a guilty plea hearing at which he entered a negotiated guilty plea to five counts of deceptive business practices, 18 Pa.C.S.A. § 4107(a)(2). The Commonwealth indicated that, in exchange for Appellant's plea, the parties had agreed that Appellant would receive a sentence of five years' probation on each count, to run concurrently to each

other, and after three years, assuming he had made full restitution, early release would be considered. N.T. 7/2/14, at 2. The trial court accepted the parties' plea agreement and sentenced Appellant in accordance therewith on that same date. Appellant did not file a direct appeal.

On April 10, 2015, new charges were filed against Appellant with regard to various crimes in connection with his failure to order, deliver, or install grave site markers as to new victims, and the Commonwealth filed an Information at lower court docket number CP-33-CR-0000171-2015. Appellant, who was represented by counsel, entered a negotiated guilty plea on July 13, 2015, to two counts of deceptive business practices. The Commonwealth indicated that, in exchange for Appellant's guilty plea, the parties had agreed that Appellant would receive a sentence of time served to twenty-four months less one day, to be followed by eight years and one day of probation, as to each count; the sentences to run concurrently. N.T., 7/13/15, at 3. The trial court accepted the parties' plea agreement and sentenced Appellant in accordance therewith on that same date. Appellant did not file a direct appeal; however, on May 12, 2016, he filed a timely pro se PCRA petition as to lower court docket number CP-33-CR-0000171-2015. See 42 Pa.C.S.A. § 9545(b). The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf.

As to lower court docket number CP-33-CR-0000045-2014, Appellant, who was represented by counsel, proceeded to a probation revocation hearing. At the hearing, the trial court determined that Appellant's new convictions from lower court docket number CP-33-CR-0000171-2015 constituted a violation of his probation, and accordingly, the trial court revoked Appellant's probation at lower court docket number CP-33-CR-0000045-2014. The trial court then sentenced Appellant to five years to ten years in prison as to each count, the sentences to run consecutively. Thus, Appellant was sentenced to an aggregate of twenty-five years to fifty years in prison. Appellant filed an appeal to this Court from the September 16, 2015, probation revocation sentence, and on October 6, 2016, this Court affirmed. See Commonwealth v. Grenier, No. 1626 WDA 2015 (Pa.Super. filed 10/6/16) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court; however, on November 18, 2016, Appellant filed a timely pro se PCRA

petition, and the PCRA court appointed counsel. See 42 Pa.C.S.A. § 9545(b).

> On November 4, 2016, Appellant proceeded to a PCRA evidentiary hearing at which Appellant and guilty plea counsel testified. By order entered on February 9, 2017, the PCRA court, indicating Appellant's cases were related, sua sponte consolidated Appellant's PCRA petitions filed at lower court docket numbers CP-33-CR-0000045-2014 and CP-33-CR-0000171-2015.
>
> On May 9, 2017, the PCRA court held an additional PCRA evidentiary hearing at which Appellant and guilty plea counsel testified. By order and opinion entered on May 18, 2017, the PCRA court denied the PCRA petitions filed in both cases.

Commonwealth v. Grenier, 181 A.3d 417, 858 and 859 WDA 2017 (Pa. Super. filed November 15, 2017) (unpublished memorandum at 2-5) (footnotes omitted).[1] After review, this Court affirmed the order denying Appellant PCRA relief. Id. at 14. Appellant did not pursue allowance of appeal to our Supreme Court.

We now must address the procedural morass of Appellant's subsequent pro se PCRA filings. On December 7, 2017, Appellant filed a second PCRA petition at trial court docket numbers CP-33-CR-45-2014 and CP-33-CR-171-

---

[1] As noted, the PCRA court consolidated Appellant's PCRA petitions filed at trial court docket numbers CP-33-CR-45-2014 and CP-33-CR-171-2015 on February 9, 2017. However, following the entry of the PCRA court's May 9, 2017 order dismissing Appellant's PCRA petitions, Appellant filed separate notices of appeal on June 9, 2017. This Court consolidated the appeals from the denial of Appellant's first PCRA petitions sua sponte on July 1, 2017.

2015.[2]  On December 11, 2017, the PCRA court provided Appellant notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and on January 12, 2018, the PCRA court dismissed Appellant's second PCRA petition.[3]  However, Appellant filed documents purporting to amend his second PCRA petition.   This amended petition was marked as filed and docketed in the PCRA court on January 16, 2018.   Appellant attached to the petition a Postage Order and Receipt indicating that the petition was placed in the prison mail on January 10, 2018.  Pursuant to the prisoner mailbox rule, a pro se filing by a prisoner is deemed filed on the date he delivers it to prison authorities for mailing.  Commonwealth v. Johnson, 192 A.3d 1149, 1152 n.4 (Pa. Super. 2018).   Accordingly, we deem Appellant's amended PCRA petition filed on January 10, 2018, because Appellant was incarcerated when he filed these documents.   We note that PCRA courts are vested with the

_____

[2]  The underlying criminal cases appear at trial court docket numbers CP-33-CR-45-2014 and CP-33-CR-171-2015.  Following the April 6, 2018 order that disposed of the PCRA petitions underlying the instant appeal, Appellant filed notices of appeal at both docket numbers.  We reiterate that this Court and the PCRA court have consolidated these matters previously and treated them as a single matter.  Moreover, when Appellant filed the instant appeals, this Court docketed them at a single docket number, 744 WDA 2018.  In an effort to dispel any confusion, we are treating this matter as a single consolidated appeal, and our disposition herein is final as to both CP-33-CR-45-2014 and CP-33-CR-171-2015.

[3]  Appellant did not appeal from the January 12, 2018 order denying his second PCRA petition.

discretion to permit amendments to a pending, timely-filed[4] PCRA petition. Commonwealth v. Flanagan, 854 A.2d 489, 499-500 (Pa. 2004). However, the PCRA court found that Appellant's second PCRA petition was untimely. Pa.R.Crim.P. 907 Notice, 12/11/17; Order, 1/12/18. Additionally, it is axiomatic that the PCRA court had not received Appellant's amended petition prior to filing its order dismissing Appellant's second PCRA petition. Thus, we conclude that the PCRA court correctly treated Appellant's amended PCRA petition as a third PCRA petition.

However, we are constrained to point out that on January 10, 2018, the date we deem Appellant's third PCRA petition filed, his second PCRA petition remained pending. It is well settled that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Commonwealth v. Montgomery, 181 A.3d 359, 363 (Pa. Super. 2018) (en banc) (quoting Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000)). Although this holding does not preclude a PCRA court from granting leave to amend a PCRA petition that is currently pending, Lark, 746 A.2d 588 n.2, Appellant did not pursue nor was he granted leave to amend. Because Appellant did not file an appeal from the January 12, 2018 order denying his second PCRA petition, and the time in which Appellant could

_____

[4] We discuss the PCRA timing and filing requirements infra.

have filed an appeal expired thirty days later on February 11, 2018,[5] that is

the earliest date upon which we may deem Appellant's third PCRA petition

filed.  Lark, 746 A.2d 588.

On February 27, 2018, the PCRA court, pursuant to Pa.R.Crim.P. 907,

provided Appellant notice of its intent to dismiss Appellant's third PCRA

petition without a hearing.  On April 6, 2018, the PCRA court dismissed

Appellant's third petition, and this timely appeal followed.  Both the PCRA

court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

> Whether the [PCRA] court committed [an] error of law when it dismissed Appellant's second and third PCRA petitions as untimely.

Appellant's Brief at 9 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the

record supports the PCRA court's determination and whether the PCRA court's

determination is free of legal error.  Commonwealth v. Staton, 184 A.3d

949 (Pa. 2018).  We consider the record in the light most favorable to the

prevailing party in the PCRA court.  Commonwealth v. Mason, 130 A.3d

601, 617 (Pa. 2015).  We grant great deference to the PCRA court's findings

that are supported in the record and will not disturb them unless they have

_____

[5] Pa.R.A.P. 903.

- 6 -

no support in the certified record. Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

The PCRA court concluded that Appellant's third PCRA petition was untimely. Order, 4/6/18. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. Commonwealth v. Lawson, 90 A.3d 1, 4 (Pa. Super. 2014) (citing Commonwealth v. Murray, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

This Court affirmed Appellant's judgment of sentence on October 6, 2016. Appellant did not file a petition for allowance of appeal to our Supreme Court, and therefore, his judgment of sentence became final on November 5, 2016. 42 Pa.C.S. § 9545(b)(3). Thereafter, Appellant had one year, or until November 6, 2017,[6] to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1).

---

[6] November 5, 2017, fell on a Sunday. Thus, Appellant had until Monday, November 6, 2017, to file a timely PCRA petition. See 1 Pa.C.S. § 1908 (when the last day of any period of time referred to in a statute falls on Saturday, Sunday, or a legal holiday, that day is omitted from computation).

As discussed above, we must deem Appellant's third PCRA petition filed on February 11, 2018.[7]  Thus, Appellant's PCRA petition is patently untimely.

An untimely petition nevertheless may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[8]  A petition invoking one of these exceptions must be filed within one year from the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).[9]  The PCRA petitioner bears the burden of proving the

---

[7] We note that even if we were to utilize January 10, 2018, the date Appellant placed his third PCRA petition in the prison mail as the filing date, it would be of no moment, and we would still conclude that Appellant's petition was facially untimely.

[8] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;  or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[9]  42 Pa.C.S. § 9545(b)(2) was amended effective December 24, 2018, and applies to claims arising on December 24, 2017, or thereafter.

- 8 -

applicability of one of the exceptions. Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013).

First, we briefly address Appellant's assertion that the PCRA court erred in dismissing his second PCRA petition. As noted above, Appellant did not appeal this ruling. To the extent that Appellant instantly purports to appeal from the January 12, 2018 order denying his second PCRA petition, we note that the appeal at bar was filed more than thirty days later on April 16, 2018, rendering it untimely. Pa.R.A.P. 903. Absent instances of fraud or breakdown in the operation of the court, which are not present here, any challenge to the denial of Appellant's second PCRA petition is untimely and not properly before this Court. See Commonwealth v. Patterson, 940 A.2d 493 (Pa. Super. 2007) (holding that, absent certain breakdowns in court operations or fraud, the Superior Court has no jurisdiction to entertain an untimely appeal).

Next, Appellant avers that the PCRA court erred in dismissing his third PCRA petition as untimely. Appellant argues that his third PCRA petition should be deemed timely pursuant to the newly discovered facts exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 15.

Appellant states that prior to Christmas of 2017, he received a holiday card from a friend. Appellant's Brief at 17. This card contained a newspaper article that reported Appellant's ex-wife, Brenda Grenier's, involvement in crimes similar to Appellant's such as taking money from customers for plaques and headstones but failing to deliver them. These crimes occurred at a

cemetery Appellant owned, and the article revealed that Ms. Grenier pled guilty to theft by deception, among other things. Id. at 17; Appendix C-6. The news article was published in March of 2017, and Appellant claims that this is a previously unknown fact and an exception to the timeliness requirements of the PCRA. Id. at 17. Appellant avers that the article reveals the culpability of Ms. Grenier in crimes with which he was charged and convicted. Id. at 22. Appellant asserts that he filed his third PCRA petition within sixty days[10] of the date that he learned of the newspaper article. Id. at 17 n.1. Therefore, Appellant argues he satisfied the newly discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii). We disagree.

In its notice of intention to dismiss Appellant's third PCRA petition, the PCRA court addressed Appellant's issue as follows:

> In support of his contention that the newly discovered facts exception excuses his failure to file these petitions within a year of when his judgment of sentence became final, [Appellant] submits a series of documents. Some pertain to his ex-wife's criminal charges, which were similar to his own and finally disposed of, according to him, in March of 2017. The others included Dr. Vernon Preston's notes regarding his Alzheimer's and Dr. Louis S. Marton's report on the psychiatric evaluation he underwent on November 18, 2016. Neither category of documents evidences facts about which [Appellant] did not know or could not reasonably have learned sooner than November 17,

_____

[10] We reiterate that 42 Pa.C.S. § 9545(b)(2) no longer limits the time period for raising an exception to the PCRA time bar to sixty days from the time it could have been raised; rather, it allows a period of one year. However, pertinent to our discussion, this extension of time in which to file an exception does nothing to negate the due diligence requirement of 42 Pa.C.S. §9545(b)(1)(ii).

2017. *See* 42 Pa. C.S.A. § 9545(b)(1)(ii) (saying that the facts upon which the claim is predicated must have been unknown to [Appellant] and could not have been ascertained by the exercise of due diligence), and § 9545(b)(2) (saying that any petition invoking an exception must be filed within 60 days[11] of when the claim first could have been presented).

[Appellant] and his ex-wife owned and operated Crown Crest Memorial Park together, which meant he had full access to its accounts and thus was always in a position to know whether they were being appropriately managed. As he plainly admitted in the final page of his "Overview of Evidence," moreover, he knew as early as 2012 that customers were not receiving the memorials they had paid for and was suspicious enough of his ex-wife by 2014 that he removed her as an officer of the corporation. It was that same year, he indicated, that she wiped out the memorial accounts. It is clear from his own rendition of facts, therefore, that [Appellant] was well aware years ago that his ex-wife was mismanaging the business. That he chose not to take the steps necessary to ascertain the full extent of her duplicity does not mean it was undiscoverable at a much earlier point in time.

Even were the Court to give [Appellant] the benefit of the doubt in that regard, the fact that his ex-wife was charged in Clearfield County in 2016 defeats his claim that her criminality was a "newly discovered fact" for purposes of the Post Conviction Relief Act. He had access even from prison to what was filed in Clearfield County and could have easily determined the nature and extent of the charges against her at or around the time they were filed. It does not escape the Court's notice, moreover, that [Appellant] was able to access and attach to his "amended" petitions a copy of the Progress article detailing his ex-wife's conviction. That article, he indicated, was published in March of 2017, which means it was available long before he "discovered" and attempted to utilize it. Plainly, then, his ex-wife's conviction does not provide grounds for the timeliness exception articulated in § 9545(b)(1)(ii).

The same is true with respect to the proffered medical records and psychiatric report, all of which date back to 2016. In addition, [Appellant] relied on his dementia diagnosis to support

---

[11] As noted above, it is now one year. 42 Pa.C.S. § 9545(b)(2).

his first PCRA petition. He referred to it repeatedly in the petition itself and testified at length at his PCRA hearing about its actual and presumed effects on his decision to plead guilty. He cannot legitimately claim, therefore, that he only became aware of his condition and its attendant cognitive deficits within 60 days of filing the instant petitions.

Notice of Intention to Dismiss Third PCRA Petition, 2/27/18, at 1-2.

As noted, Appellant alleges myriad reasons for his failure to timely learn of his ex-wife's thefts. These include an alleged diagnosis of dementia and Alzheimer's disease and a lack of access to public records, which is why he was unaware of the March 2017 article. Appellant's Brief at 20. However, as the PCRA court concludes, the record reveals that Appellant was aware of his ex-wife's involvement in deceptive practices, or was at least suspicious, as early as 2014 when he removed her as an officer of the corporation. We conclude that through the exercise of due diligence, which is required under Section 9545(b)(1)(ii), Appellant could have discovered Ms. Grenier's involvement in criminal activity. Moreover, we are constrained to point out that nothing in this news article exonerates Appellant; it inculpates his ex-wife in criminal acts that are similar, if not identical, to his own crimes. Nothing in this article affords Appellant relief under the PCRA. Accordingly, we discern no error or abuse of discretion in the PCRA court dismissing Appellant's third PCRA petition as untimely.

Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super.

2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, the order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2019